IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONALD YOUNG BEY,
        Plaintiff,

v.                                                                            Civil Action No. 3:17-cv-00199-JAG

FREEDOM MORTGAGE,
        Defendant.

## OPINION

In May 2016, Donald Young Bey refinanced his mortgage loan, using Freedom Mortgage as the lender. In March 2017, Young Bey filed a complaint against Freedom Mortgage seeking possession of the home and damages. On June 19, 2017, the Court granted Freedom Mortgage's motion to dismiss, but directed Young Bey to file a particularized complaint.

On June 30, 2017, Young Bey filed his particularized complaint. In it, he alleges fraud, negligence, and breach of contract. Young Bey no longer seeks possession of his home.[1]

Freedom Mortgage has filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion gauges the sufficiency of a complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165 (4th Cir. 2016). Accordingly, in evaluating such a motion, courts typically focus only on the complaint, documents attached to the complaint, and documents explicitly incorporated into the complaint by reference. *Id.* at 166. In appropriate cases, however, courts may also (1) take judicial notice of public records, such as state court records, and (2) consider documents submitted by the movant if the documents are integral to the complaint and indisputably authentic. *Id.*; *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th

---

[1] In his response to Freedom Mortgage's motion to dismiss, Young Bey noted that he had paid his mortgage loan to date. (Opp'n 3.) Young Bey also attached a letter from Freedom Mortgage confirming that it had terminated foreclosure proceedings.

Cir. 2006). When considering the complaint itself, courts must accept all allegations as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Considering the facts alleged in the complaint in light of these principles, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient facts to state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 (2007)).

In this case, all claims alleged in the particularized complaint (i.e., fraud, negligence, and breach of contract) fail because Young Bey has not alleged sufficient facts to state any plausible claims for relief.

To establish fraud in Virginia, a plaintiff must show that the defendant intentionally and knowingly made a false representation of a material fact with intent to mislead the plaintiff, and that the plaintiff's reliance on the false representation resulted in damages. *Bryant v. Peckinpaugh*, 241 Va. 172, 175, 400 S.E.2d 201, 203 (1991). Additionally, under the Federal Rule of Civil Procedure 9(b), a plaintiff must state the circumstances constituting fraud with particularity. These "circumstances" include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). In this case, Young Bey alleges that Freedom Mortgage committed fraud when it

requested mortgage payments. Freedom Mortgage, however, had a right to these payments under the loan that Young Bey entered into. Other than this allegation, Young Bey does not provide any facts about false representations made by Freedom Mortgage, let alone who made those misrepresentations and when.[2] Further, Young Bey gives no indication that he relied on any of these facts to his detriment. Accordingly, Young Bey has not sufficiently stated a claim for fraud, and the Court will dismiss this claim.

To establish negligence, the plaintiff must allege that the defendant owed the plaintiff a legal duty, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injury. *Blue Ridge Serv. Corp. of Va. v. Saxon Shoes, Inc.*, 271 Va. 206, 218, 624 S.E.2d 55, 62 (2006). In the particularized complaint, Young Bey does not allege any facts about a duty that Freedom Mortgage owed him or a breach of any such duty. Thus, the claim for negligence also fails.

Finally, to establish a claim for breach of contract, the plaintiff must show a legally enforceable obligation of a defendant to a plaintiff, the defendant's violation or breach of that obligation, and injury to the plaintiff caused by the breach of the obligation. *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004). Here, Young Bey bases his breach of contract allegation on House Joint Resolution 192 dated June 5, 1933. This resolution took the United States off the gold standard. This resolution did not create a legally enforceable obligation between Freedom Mortgage and Young Bey. Consequently, Young Bey's breach of contract claim fails.

---

[2] On August 8, 2017, the Court received a supplemental response from Young Bey to Freedom Mortgage's motion to dismiss. In the supplemental response, Young Bey provides additional facts not found in the complaint about Freedom Mortgage's allegedly fraudulent activities. Even if the Court considered these additional facts, Young Bey has still not stated a claim for fraud against Freedom Mortgage because he has not alleged facts to support the allegation that Freedom Mortgage made false representations on which Young Bey relied.

3

For the reasons stated, the Court will grant Freedom Mortgage's motion to dismiss and will dismiss all of Young Bey's claims with prejudice.

The Court will issue an appropriate order.

Let the Clerk send a copy of this Opinion to the pro se plaintiff and to all counsel of record.

Date: August 9, 2017
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge